**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| K.M., a Minor, through her Guardian, C.M., individually and on behalf of all others similarly situated, | ) ) ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIKTOK, INC. and BYTEDANCE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## CLASS ACTION COMPLAINT

Plaintiff K.M., a minor, by and through her Guardian C.M., on behalf of herself and those similarly situated, brings this Class Action Complaint against Defendants TikTok, Inc. ("TikTok") and ByteDance, Inc. ("ByteDance") (collectively the "Defendants"). The following allegations are based upon personal knowledge as to Plaintiff's own facts, upon investigation by Plaintiff's counsel, and upon information and belief where facts are solely in the possession of Defendants.

## INTRODUCTION

1.      According to the Department of Homeland Security, biometrics are unique physical characteristics, such as fingerprints, that can be used for automated recognition. An individual's facial geometry is one of many examples of biometrics, and is achieved through facial recognition software.

2.      Unlike other unique identifiers that can be changed when compromised – such as social security numbers or financial information – biometrics are inherently unique to each individual and unchangeable.

1

3.     The Illinois Biometric Information Privacy Act (the "Act"), effective October 3, 2008, prohibits, *inter alia*, the collection, dissemination, and profit from individual's biometric identifiers, such as facial geometry, without providing written notice and procuring a release from the individuals. The Act also requires specific a retention and data destruction policies to safeguard the sensitive biometric data and, ultimately, prevent its disclosure.

4.     Defendant TikTok, Inc. owns TikTok, a popular social networking application that allows users to share videos and that has been reportedly downloaded 1.5 billion times.[1] According to its website, TikTik is "the destination for short-form mobile videos." Approximately 41% of TikTok users are aged between 16 and 24.[2] TikTok, Inc. is owned by ByteDance, based in Beijing, China, and utilizes facial recognition and machine learning algorithms.

5.     This privacy-based class action concerns TikTok's reported connections to the Chinese government.  Senator Marco Rubio (R-FL) has called for a formal investigation into whether TikTik poses a national security risk, with Senators Chuck Schumer (D-NY) and Tom Cotton (R-AR) following suit.

6.     The United States Army, following guidance issued by the Pentagon, has banned the use of TikTok by servicemembers on government-issued devices.[3] The Marine Corps issued a similar ban.

7.     Upon information and belief, Defendants have collected, stored, disclosed and otherwise disseminated Illinois resident minor TikTok users' facial geometric scans. In so doing, Defendants failed to comply with the Act's requirements to provide written notice and procuring releases.

---

[1] https://www.vox.com/open-sourced/2019/12/16/21013048/tiktok-china-national-security-investigation (last visited May 12, 2020).
[2] https://www.omnicoreagency.com/tiktok-statistics/ (last visited May 12, 2020).
[3] https://www.nytimes.com/2020/01/04/us/tiktok-pentagon-military-ban.html (last visited May 12, 2020).

8.      As such, Plaintiff and the putative class have suffered harm as a result of the violations of the Act alleged herein.

9.      Defendants also violated Illinois' public policy that grants citizens the power to make decisions about the fate of their unique biometric identifiers and information.

## PARTIES

10.      At relevant times, Plaintiff K.M., a minor, and Plaintiff's Guardian, C.M., were both residents of Illinois.  Plaintiff K.M. used the TikTok app, and thus Defendants performed facial geometric scans of Plaintiff.

11.      Defendant TikTok, Inc. is incorporated under the laws of the state of California with its principal place of business located in Culver City, California.  TikTok, Inc. has a registered agent in Illinois.

12.      Defendant ByteDance, Inc. is incorporated under the laws of the state of Delaware with its principal place of business located in Palo Alto, California.  ByteDance, Inc. has a registered agent in Illinois.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1332 because: (1) there are one hundred or more (named or unnamed) class members, (2) there is

an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and

(3) there is minimal diversity because Plaintiff and Defendants are citizens of different states.

This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §

1367.

14.     This Court has personal jurisdiction over Defendants because Defendants obtained,

stored, and disseminated data from class members in Illinois, including their biometric identifiers.

Further, the class members, as Illinois residents, created and uploaded images and videos in

Illinois. Defendants' violations alleged herein harmed Illinois residents.

15.     Venue is proper in this jurisdictional district pursuant to 28 U.S.C. § 1391(b)(2)

because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred

in Illinois.  Alternatively, venue is proper under 28 U.S.C. § 1391(b)(3) because this Court has

personal jurisdiction over Defendants.

## FACTUAL ALLEGATIONS

### I.     TikTok

16.     TikTok, originally known as Douyin, was launched in China in September of 2016

by Defendant ByteDance, Inc.  TikTok first became available for downloaded in the United States

in August of 2018.

17.     TikTok and Douyin are similar apps but are run on separate servers in order to

comply with China's censorship policies.

4

18.     As described above, TikTok allows users to create short videos, and has popularized lip-synching music videos and short sketch-comedy videos.

19.     Approximately 41% of TikTok users are between the ages of 16 and 24 and there are approximately 800 million monthly active users as of February 2020.

20.     TikTok utilizes facial recognition technology that scans every video uploaded to the app for faces and then extracts geometric data relating to the unique features of each face through the use of an artificial intelligence program. TikTok then uses that data to generate a template of the individual's unique biometric facial identifiers. At no point is the individual informed of this practice by TikTok. The artificial intelligence program also allows users to use filters to alter their faces, or impose other faces on features onto their own faces.

21.     Upon information and belief, Defendants have violated the Act by collecting the biometric information of Plaintiff and Class Members and then disclosing, and disseminating those biometric identifiers and information to other related corporate entities without providing written notice and procuring releases.

22.     Defendants also violated the Act by failing to utilize a reasonable standard of care to protect the biometric identifiers from disclosure and, by their own admission, have disclosed it.[4] Indeed, according to their privacy policy, Defendants "share the categories of personal information listed above with service providers and business partners to help us perform business operations and for business purposes."

23.     In further violation of the Act, as a private entity in possession of Plaintiff's and Class Members' biometric identifiers and information, Defendants failed to adopt or make available to the public a retention schedule or guidelines for permanently destroying such

---

[4] https://www.tiktok.com/legal/privacy-policy?lang=en (accessed May 12, 2020).

biometric identifiers and information once the initial purpose for collecting them had or has been satisfied.

24.     Defendants intentionally and recklessly violated the Act.

**II.     Plaintiff K.M.**

25.     Plaintiff K.M., a minor, has, within the applicable statute of limitations, uploaded and posted numerous videos to TikTok which include images of her face, and her face has appeared in other users' uploaded videos.  Plaintiff has uploaded videos, and/or Plaintiff's face has appeared in videos uploaded by other users, employing TikTok's face sticker, face filter, and face tracker lens technology.

26.     Through these videos, Defendants have collected and stored Plaintiff's unique biometric identifiers or biometric information.  Upon information and belief, Defendants have disclosed and/or disseminated these biometric identifiers or biometric information to third parties.

27.     Plaintiff and the putative class do not know which, or how many, individuals or entities have accessed their biometric identifiers, exposing them to the imminent and certainly impending injuries of identity theft, fraud, stalking, surveillance, social engineering and other invasions of privacy.[5]

28.     As a result of Defendants' actions, Plaintiff and the class' biometric information has been compromised.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action on her own behalf, and on behalf of the following class pursuant to Federal Rules of Civil Procedure, Rule 23(a), 23(b)(2), and/or 23(b)(3):

---

[5] "*Facial Recognition Tech: 10 Views on Risks and Rewards*," at https://www.equifax.co.uk/resources/identity_protection/facial-recognition-and-identity-risk.html (last accessed on May 12, 2020)

**Illinois Class**

All residents of Illinois who registered for or used the TikTok Application when aged 14 through 17, and their parents and/or legal guardians.

30.     Excluded from the Class are Defendants, their affiliates, employees, officers, and directors, and the Judge(s) assigned to this case. Plaintiff reserves the right to modify, change, or expand the Class definitions based on discovery and further investigation.

31.     **Numerosity.**  Upon information and belief, the Class is so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information being in the sole possession of Defendants and obtainable by Plaintiff only through the discovery process, Plaintiff believes, and on that basis alleges, that there are tens of thousands of members of the class.

32.     **Existence and Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited to, whether:

      a.      Whether Defendants collected and stored Plaintiff's and the class' biometric identifiers;

      b.      Whether Defendants disseminated, or provided access to, the aforementioned biometric indicators;

      c.      Whether Defendants provided notice to Plaintiff and the Class before collecting the aforementioned biometric indicators;

      d.      Whether Defendants procured releases for the use and dissemination of the aforementioned biometric indicators;

e.     Whether Defendants maintained retention and destruction policies required for the aforementioned biometric indicators; and

f.     Whether Defendants actions have caused Plaintiff and the class members damages;

g.     Whether Defendants' actions were the proximate cause of Plaintiff's and the class' damages.

33.     **Typicality.**  All of Plaintiff's claims are typical of the claims of the Class. Furthermore, Plaintiff and all members of the class sustained damages including, but not limited to, ascertainable losses arising out of Defendant's wrongful conduct. Plaintiff is advancing the same claims and legal theories on behalf of herself and all absent Class members.

34.     **Adequacy.**  Plaintiff is an adequate representative because her interests do not conflict with the interests of the Class that she seeks to represent, she has retained counsel competent and highly experienced in complex class action litigation, and together they intend to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

35.     **Superiority.**  A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and members of the class. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the class individually to effectively redress the wrongs done to them. Even if the class members could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties,

and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court. Upon information and belief, members of the Class can be readily identified and notified based on, *inter alia*, Defendants' database of user accounts.

36.     81.     Defendants have acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final equitable relief with respect to the Class as a whole.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
### 740 ILCS § 14/15

37.     Plaintiff and the class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

38.     Defendants violated the Act by their failure to develop and implement a policy – made available for public inspection – that, *inter alia*, established a retention schedule and guidelines for permanently destroying biometric identifiers and information.

39.     Defendants' violations of the Act were intentional and reckless or, alternatively, negligent.

40.     As a direct and proximate result of Defendants' violations of the Act, Plaintiff and the class have suffered and will continue to suffer injury.

41.     Plaintiff and the class seek as monetary relief the greater of $5,000 or actual damages or, in the alternative, $1,000 or actual damages.

42.     Until this Court issues an order granting Plaintiff's request for injunctive relief, Defendants' wrongful conduct will continue to cause irreparable injury to Plaintiff and the class

because their biometric identifiers will be viewed and used by unauthorized persons in contravention to the Act.  Plaintiff and the class have no adequate remedy at law because a judgment for monetary damages will not end Defendants' practices related to Plaintiff's and the class' biometric identifiers.

43.     Plaintiff and the class also seek punitive damages, injunctive relief and the recovery of reasonable attorney's fees, costs and expenses.

**COUNT II**
**VIOLATIONS OF THE ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT**
**740 ILCS § 14/15(b)**

44.     Plaintiff and the class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

45.     Defendants violated the Act through collecting, capturing, and otherwise obtaining individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiff and Class Members, without providing the required written notice and without procuring written releases.

46.     Defendants' violations of the Act were intentional and reckless or, alternatively, negligent.

47.     As a direct and proximate result of Defendants' violations of the Act, Plaintiff and Class Members have suffered and will continue to suffer injury.

48.     Plaintiff and Class Members seek as monetary relief the greater of $5,000 or actual damages or, alternatively, $1,000 or actual damages.

49.     Until this Court issues an order granting Plaintiff's request for injunctive relief, Defendants' wrongful conduct will continue to cause irreparable injury to Plaintiff and the class because their biometric identifiers will be viewed and used by unauthorized persons in

contravention to the Act. Plaintiff and the class have no adequate remedy at law because a judgment for monetary damages will not end Defendants' practices related to Plaintiff's and the class' biometric identifiers.

50.     Plaintiff and the class also seek punitive damages, injunctive relief and the recovery of reasonable attorney's fees, costs and expenses.

**COUNT III**
**VIOLATIONS OF THE ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT**
**740 ILCS § 14/15(d)**

51.     Plaintiff and the class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

52.     Defendants violated the Act by disclosing, redisclosing and otherwise disseminating individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiff and class members. Defendants did so without receiving consent, without completing a financial transaction requested or authorized by the subjects of the biometric identifiers and information or their authorized representatives. Moreover, the disclosure and redisclosure was not required by state or federal law or municipal ordinance, and was also not was not required pursuant to a valid warrant or subpoena.

53.     Defendants' violations of the Act were intentional and reckless or, alternatively, negligent.

54.     As a direct and proximate result of Defendants' violations of the Act, Plaintiff and Class Members have suffered and will continue to suffer injury.

55.     Plaintiff and Class Members seek as monetary relief the greater of $5,000 or actual damages or, alternatively, $1,000 or actual damages.

56. Until this Court issues an order granting Plaintiff's request for injunctive relief, Defendants' wrongful conduct will continue to cause irreparable injury to Plaintiff and the class because their biometric identifiers will be viewed and used by unauthorized persons in contravention to the Act. Plaintiff and the class have no adequate remedy at law because a judgment for monetary damages will not end Defendants' practices related to Plaintiff's and the class' biometric identifiers.

57. Plaintiff and the class also seek punitive damages, injunctive relief and the recovery of reasonable attorney's fees, costs and expenses.

## COUNT IV
## INJUNCTIVE RELIEF

58. Plaintiff and the class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

59. Plaintiff and the class request injunctive relief to require Defendants to comply with their obligations under the Act so Plaintiff and the class can control their biometric identifiers and information.

60. Plaintiff and the class have no adequate remedy at law because a legal remedy cannot undo the unlawful collection and disclosure of their biometric identifiers.

61. Plaintiff and the class will continue to suffer irreparable harm caused by Defendants if their conduct is not so restrained, making injunctive relief necessary.

62. Plaintiff and the class are likely to succeed on the merits in this litigation because Defendants unlawfully collected and disclosed Plaintiff and the class' biometric identifiers and information, in violation of the Act.

63. Plaintiff and the class seek injunctive relief: (a) that prohibits Defendants from any further use of Plaintiff and the class' biometric identifiers and information; (b) that prohibits

Defendants from continuing to collect, disclose, and/or profit from Plaintiff's and the classes' biometric identifiers and information; (c) ordering Defendants to delete and destroy Plaintiff's and the class' biometric identifiers and information; and (d) ordering Defendants to retrieve and destroy the biometric identifiers and information from any third parties to whom Defendants disclosed it.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and members of the Class, respectfully requests that this Court:

A.      determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying the class as defined above;

B.      appoint Plaintiff as the representative of the class and her counsel as class counsel;

C.      award all actual, general, special, incidental, statutory, and consequential damages and restitution to which Plaintiff and the class members are entitled;

D.      award pre-judgment and post-judgment interest on such monetary relief;

E.      grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires Defendants to immediately stop collecting, using, and disseminating individuals' biometric identifiers;

F.      award reasonable attorneys' fees and costs; and

G.      grant such further relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims so triable.

Dated: May 13, 2020

By:    <u>/S/ Richard R. Gordon</u>
Richard R. Gordon
**Gordon Law Offices, Ltd.**
111 West Washington Street
Suite 1240
Chicago, Illinois 60602
Tel: (312) 332-5200
Fax: (312) 242-4966
rrg@gordonlawchicago.com

Attorneys for Plaintiff and Putative Class

Joseph G. Sauder
Joseph B. Kenney
**Sauder Schelkopf LLC**
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: 610-200-0580
jgs@sstriallawyers.com
jbk@sstriallawyers.com

Attorneys for Plaintiff and Putative Class